IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Patrick Studley, | ) | C/A No. 3:16-387-JMC-PJG |
|               Plaintiff, | ) | |
| v. | ) | |
| Gregory Studemeyer; Law Office of Jonathan Harvey, | ) | **REPORT AND RECOMMENDATION** |
|               Defendants. | ) | |

The plaintiff, Patrick Studley, proceeding *pro se*, brings this action alleging his wife was the subject of sexual discrimination and harassment at the defendants' workplace. (ECF No. 1 at 3-4.) The Complaint has been filed pursuant to 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

**I.     Factual and Procedural Background**

Studley claims Defendant Gregory Studemeyer[1] made inappropriate sexual remarks that created a "sexually charged atmosphere" at his wife's employer—Defendant Law Office of Jonathan Harvey. (ECF No. 1 at 3-4.) Studley claims he was told by his wife that Studemeyer made inappropriate comments about her appearance that made her feel uncomfortable. (Id. at 3.) Studley claims this atmosphere led to his wife engaging in two extramarital affairs, the dissolution of his marriage, and the breakup of his family. (Id. at 3-4.) Studley also claims his sister was not able to

---

[1] Studemeyer is also spelled "Studemire" in the Complaint.

work at the Defendant Law Office because of her looks or appearance, which Studley claims is "workplace discrimination and sexual harassment." (Id. at 4.)

Studley seeks to "find the business at fault for workplace discrimination and sexual harassment against Mr. Studemeyer." (Id. at 5.) He asks for a judgment against Studemeyer of $45,000 in compensatory damages for his children's therapy until each child reaches eighteen years of age. (Id.) He also seeks punitive damages for the emotional and psychological damage done to himself and his children. (Id.)

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. This court is required to liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of



Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

  **B.**  **Analysis**

    **1.**  **Title VII Claim**

Studley alleges the defendants' actions amount to "workplace discrimination and sexual harassment." Therefore, the court construes Studley's Complaint as alleging a cause of action for sex discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2. However, the court finds Studley lacks standing to bring this Title VII action, and accordingly, his Title VII claims are subject to summary dismissal based on the court's lack of subject matter jurisdiction.

Studley lacks standing to bring these claims because he is not an "aggrieved" party under Title VII. The term 'aggrieved' in Title VII enables suit by any plaintiff with an interest "arguably sought to be protected by the statute," while excluding plaintiffs whose interests are unrelated to the statutory prohibitions in Title VII. Thompson v. N. Am. Stainless Steel, 562 U.S. 170, 176-78 (2011). Studley alleges he was injured because the defendants' discrimination and harassment of

his wife resulted in his wife's infidelity, divorce, and domestic strife.[2]  However, domestic interests are not within the class of interests protected by Title VII, which only prohibits discrimination in employment matters based on race, color, religion, sex, or national origin.  While standing under Title VII is not limited to an employee engaged in a protected activity, see Thompson, 562 U.S. at 177,  standing does not lie where the plaintiff's interests are "so marginally related to or inconsistent with the purposes implicit in the statute that it cannot be reasonably assumed that Congress intended to permit the suit." Id. at 178 (citing Clarke v. Securities Industry Association, 479 U.S. 388, 399-400 (1987)).  As the purpose of Title VII was to address inequality and discrimination in employment relationships on the basis of race, religion, sex, or national origin, see Franks v. Bowman Transportation Company, Inc., 424 U.S. 747, 763 (1976), Studley's allegations of injury to his domestic situation does not provide him with standing to sue his wife's employer under Title VII.

Moreover, Studley's lack of standing deprives the court of subject matter jurisdiction over his claims.  See Pye v. United States, 269 F.3d 459, 466 (2001) ("Standing is a threshold jurisdictional question which ensures that a suit is a case or controversy appropriate for the exercise of the courts' judicial powers under the Constitution of the United States.").  And the court may *sua sponte* dismiss an action for lack of subject matter jurisdiction.  See Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988) ("[I]t is always incumbent upon a federal court to evaluate its jurisdiction sua sponte,

---

[2] Plaintiff also alleged the defendants discriminated against his sister by failing to hire her, but he does not claim any resulting injury.



to ensure that it does not decide controversies beyond its authority."). Accordingly, the court finds Studley's claims should be dismissed for lack of standing and lack of subject matter jurisdiction.[3]

### 2. State Law Claims

To the extent Studley's Complaint can be construed to raise state law tort claims against the defendants, no jurisdiction lies over those. Although a court may in certain circumstances exercise supplemental jurisdiction over a non-diverse state law claim under 28 U.S.C. § 1367, supplemental jurisdiction does not attach when the court lacked subject matter jurisdiction over the claim that purports to invoke the court's original jurisdiction. In other words, when a district court dismisses federal claims for lack of subject matter jurisdiction, there was never a valid claim to which the state claims could be considered supplemental, and dismissal of the state claims is also required. Stratton v. Mecklenburg Cty. Dep't of Soc. Servs., 521 F. App'x 278, 291 n.25 & 292 (4th Cir. 2013) (citing Crosby v. City of Gastonia, 635 F.3d 634, 644 (4th Cir. 2011)). In Crosby, the United States Court of Appeals for the Fourth Circuit indicated that when federal claims are susceptible to dismissal solely for lack of subject matter jurisdiction, the court's discretionary exercise of supplemental jurisdiction over state law claims is improper. See Crosby, 635 F.3d at 644; see also Stratton, 521 F. App'x at 292 ("Because the federal district court lacked subject matter jurisdiction over the alleged federal claims, its dismissal of those claims pursuant to Rule 12(b)(1) was proper, and its

---

[3] Even assuming Studley could demonstrate he had standing to bring this Title VII claim, he failed to allege that he exhausted his administrative remedies to invoke the jurisdiction of this court. See Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000) ("Before filing suit under Title VII, a plaintiff must exhaust [his] administrative remedies by bringing a charge with the EEOC."); Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009) (stating that "a failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim").



concurrent dismissal of the state law claims was *mandated*.") (emphasis added). Accordingly, to the extent Studley raises state law claims against the defendants, they must also be dismissed, as there is no independent basis for federal jurisdiction.

### III. Conclusion

Accordingly, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 15, 2016
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).